# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marina District Development Company, LLC, | Case No. 2:20-cv-01592-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| AC Ocean Walk, LLC, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff's emergency motion for sanctions (ECF Nos. 48 and 49). Plaintiff seeks sanctions for defense counsel contacting Plaintiff's employee, Mr. Lyons, without counsel's consent, allegedly in violation of Rule 4.2 of the Nevada Rules of Professional Conduct. *See id.* Defendants opposed the motion. ECF No. 57. The Court did not permit a reply (ECF No. 50) and held a hearing on September 21, 2020, to expedite resolution of the motion. ECF No. 64. After the hearing, the Court took the motions under submission and ordered supplemental briefing on one issue. *Id.*; ECF No. 66. Specifically, the Court ordered supplemental briefing on "what provision of state law [Plaintiff] believes vests Mr. Lyons with the ability to bind plaintiff in a legal evidentiary sense." ECF No. 66. Plaintiff and Defendants filed supplemental briefs at ECF Nos. 71, 73.

Defendants then moved to strike portions of Plaintiff's supplemental brief and accompanying exhibits. ECF No. 72.

As discussed below, the Court will deny Plaintiff's motions (ECF Nos. 48, 49) and deny Defendants' motion (ECF No. 72) as moot.

**I.      Background**

      **A.      Plaintiff's Complaint and Motion for Preliminary Injunction**

This is a case about two competing casinos. *See* ECF No. 1. Plaintiff, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa (Borgata), alleges that Defendant AC Ocean Walk, LLC d/b/a Ocean Casino Resort (Ocean) is "in the process of raiding Borgata's casino marketing department" and unfairly competing against Borgata. *Id.* at 2. Borgata alleges that Ocean hired five of Borgata's executives, including Borgata's Executive Director of Marketing (Kelly Burke) and Vice President of Relationship Marketing (William Callahan). *Id.* Borgata further alleges that these employees have a duty to protect Borgata's trade secrets. *Id.* However, Ms. Burke's and Mr. Callahan's employment at Ocean will allegedly require them to use their knowledge of Borgata's trade secrets and other confidential information to perform their new jobs. *See id.* Borgata argues that Ocean intends to misappropriate Borgata's proprietary information and cripple Borgata's casino operations. *Id.* at 2-3.

Borgata also makes specific allegations in its complaint regarding Mr. Callahan's Borgata-issued cell phone. Specifically, Borgata alleges that it issued Mr. Callahan a cell phone that contains trade secrets and other confidential information, which he now refuses to return. *Id.* at 3, 6.

Based on this conduct, Borgata sued Ocean, Mr. Callahan, and Ms. Burke. ECF No. 1. Borgata seeks injunctive relief, a declaratory judgment, and monetary damages for breach of contract, tortious interference, unfair competition, and violations of the Defend Trade Secrets Act, New Jersey Trade Secrets Act, and Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.*

Shortly after filing its complaint, Borgata filed a motion for a preliminary injunction. ECF No. 9. Borgata sought several forms of temporary injunctive relief, including that Mr. Callahan

return his Borgata-issued cell phone. ECF No. 9-8. Defendants opposed Borgata's motion for a preliminary injunction. ECF No. 40. Critically, in support of their opposition, Defendants attached a declaration stating that Borgata's president said that Mr. Callahan could keep his phone. ECF No. 40-2. The declaration was signed by a Borgata employee. *See id.* at 2. More specifically, it was signed by Borgata's Vice President of Relationship Marketing, Mr. Lyons. *Id.* at 2.

### B. Borgata's Emergency Motion

Borgata alleges that Defendants violated the Nevada Rules of Professional Conduct by obtaining Mr. Lyons's declaration. ECF Nos. 48, 49.[1] Specifically, Borgata alleges that defense counsel violated Rule 4.2, which generally provides that a lawyer may not communicate with another represented party about the subject of the representation, unless authorized to do so by the other lawyer, law, or court order. Nev. R. Prof. Cond. 4.2.

While the parties dispute whether Rule 4.2 prohibits what occurred in this case, they generally do not disagree that the following occurred: On the evening of September 15, 2020, Mr. Lyons received a phone call from defense counsel. ECF No. 48 at 4; ECF No. 57 at 19. He did not answer. ECF No. 48 at 4; ECF No. 57 at 19. Shortly thereafter, he received a text message from the same number. ECF No. 48 at 4; ECF No. 57 at 19. The text message identified the sender as Mr. Callahan's counsel and asked Mr. Lyons to call her. ECF No. 48 at 4; ECF No. 57 at 19. Mr. Lyons then called defense counsel. ECF No. 48 at 4; ECF No. 57 at 19.

At some point during the conversation, defense counsel asked Mr. Lyons if he was represented by counsel, and he said no.[2] ECF No. 48 at 4; ECF No. 57 at 20. Mr. Lyons

---

[1] At the hearing on September 21, 2020, Borgata's counsel raised a separate series of events that Borgata alleges also violated the Nevada Rules of Professional Conduct. Borgata also addressed these events in its supplemental brief. ECF No. 71-1. However, the Court will not address this alleged conduct in the absence of complete briefing on the matter. If Borgata wishes to file another motion related to this alleged conduct, it may do so.

[2] Mr. Lyons subsequently stated that he thought defense counsel was asking whether he personally had a lawyer. ECF No. 48 at 4.

asked whether he should retain counsel, and defense counsel did not advise Mr. Lyons that he should contact Borgata's in-house or outside counsel. ECF No. 48 at 4; *see* ECF No. 57 at 20. Defense counsel states that she told Mr. Lyons that it might be smart to retain counsel. ECF No. 57 at 20.

In all events, Mr. Lyons and defense counsel continued speaking. Defense counsel asked Mr. Lyons to sign a declaration about a statement Borgata's president allegedly made regarding whether Mr. Callahan could keep his company phone. ECF No. 48 at 4; *see* ECF No. 57 at 20-21. Ultimately, Mr. Lyons agreed to sign a declaration regarding this statement and did so. ECF No. 40-2; ECF No. 48 at 4; ECF No. 57 at 21-22.

## II.     Analysis

Plaintiff argues that defense counsel's contact with Mr. Lyons violated Rule 4.2 of the Nevada Rules of Professional Conduct and Federal Rule of Civil Procedure 26. ECF Nos. 48, 49. Defendants disagree and moves to strike certain portions of Plaintiff's supplemental brief. ECF No. 72.

### A.     Whether Defense Counsel Violated Rule 4.2

Nevada Rule of Professional Conduct 4.2 provides,

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Nev. R. Prof. Cond. 4.2. Borgata, as the moving party, "bears the burden of establishing an ethical violation." *See Rebel Comms., LLC v. Virgin Valley Water Dist.*, No. 2:10-cv-00513-LRH-GWF, 2011 WL 677308, at *5 (D. Nev. Feb. 15, 2011).

Here, the parties' dispute revolves around whether Mr. Lyons was a "person . . . represented by another lawyer." *See* Nev. R. Prof. Cond. 4.2. Put another way, the parties disagree about whether Mr. Lyons was a "represented party" such that defense counsel could not contact him under Rule 4.2.

In 2002, the Nevada Supreme Court took up the issue of who, in a corporation, is a represented person such that Rule 4.2 prohibits lawyers from contacting them. *See Palmer*

*v. Pioneer Inn Assocs., Ltd.*, 118 Nev. 943 (2002). Ultimately, the court adopted the "managing-speaking-agent test." *Id.* at 960. Under the version of the managing-speaking-agent test adopted by the Nevada Supreme Court, "employees should be considered 'parties' for the purposes of the disciplinary rule if, under applicable [state] law, they have managing authority sufficient to give them the right to speak for, and bind, the corporation." *Id.* at 961. The court clarified that "an employee does not 'speak for' the organization simply because his or her statement may be admissible as a party-opponent admission. Rather, the inquiry is whether the employee can bind the organization with his or her statement." *Id.* The court further explained that "[w]hich employees have 'speaking' authority is determined on a case-by-case basis according to the particular employee's position and duties and the jurisdiction's agency and evidence law." *Id.* at 955.

Here, Borgata failed to establish that Mr. Lyons is a managing-speaking-agent. Borgata did not explain in either its opening brief or its supplemental brief how, under applicable state agency or evidence law, Mr. Lyons can speak for and bind Borgata. While Borgata provides facts regarding Mr. Lyons' high-ranking position, managerial duties, and broad discretion, it does not explain how, *under applicable state agency or evidence law*, Mr. Lyons can bind the company. *See id.* ("Which employees have 'speaking' authority is determined on a case-by-case basis according to the particular employee's position and duties *and the jurisdiction's agency and evidence law.*") (emphasis added). In other words, an explanation of Mr. Lyons's position and duties is a necessary but not sufficient condition for establishing a Rule 4.2 violation. To carry its burden, *Palmer* requires Borgata to provide **both** Lyons's "position and duties" **and** an analysis of applicable "agency and evidence law." *See id.*

The Court cannot manufacturer arguments for parties. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). And without an explanation of applicable state agency or evidence law, the Court cannot properly apply the managing-speaking-agent test to Mr. Lyons. *See id.* at 956 ("[T]he test relies on a particular jurisdiction's agency and evidence law."). As such, the Court cannot find that Mr. Lyons is a managing-

speaking-agent of Borgata or that defense counsel violated Rule 4.2 when she contacted him.

To be clear, however, the Court is *not* finding that Mr. Lyons is *not* a managing-speaking-agent or that it was proper for defense counsel to contact him.[3] Indeed, the Court is troubled by defense counsel contacting Mr. Lyons. He is an executive of an opposing party, and a purely factual analysis of the issue suggests this contact was impermissible. However, the Court is required to not just look at the facts, but also to apply Nevada law. Nevada law requires the Court to analyze whether the employee in question can bind the company under state agency or evidence law. Borgata has not explained how Mr. Lyons can speak for and bind it under state agency or evidence law. Rather, Borgata provided facts demonstrating that Mr. Lyons can obligate the company in certain ways. However, providing facts without an analysis of how the law works is insufficient to carry Borgata's burden. Accordingly, the Court finds that Borgata has not met its burden to explain how, under applicable state agency or evidence law, Mr. Lyons can speak for and bind the company.

**B.     Whether Defendants Violated Federal Rule of Civil Procedure 26**

Borgata also argues that contacting Mr. Lyons violated Federal Rule of Civil Procedure 26 because, by doing so, Defendants engaged in discovery before the parties' Rule 26(f) conference. ECF No. 48 at 10. As a remedy, Borgata asks the Court to deny Defendants' emergency motions (ECF Nos. 32-35). *Id.* at 11.

Defendants disagree with Borgata's analysis. ECF No. 57. Defendants argue that they did not engage in formal discovery by contacting Mr. Lyons. *Id.* at 11. Rather, Defendants argue that the discussion with Mr. Lyons was a witness interview and therefore a form of informal investigation not prohibited by Rule 26. *Id.*

Rule 26(d)(1) provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from

---

[3] Upon further analysis, this Court agrees with Plaintiff that it was previously reading *Palmer* too narrowly.

initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The comments to Rule 26(d) provide, "This subdivision is revised to provide that formal discovery—as distinguished from interviews of potential witnesses and other informal discovery—not commence until the parties have met and conferred as required by subdivision (f)."

Here, Plaintiff has not established that Defendants violated Rule 26. Plaintiff generally cites to Rule 26 for the proposition that Defendants cannot engage in discovery before the Rule 26(f) conference. ECF No. 48 at 10. However, Plaintiff does not analyze the comment to the Rule, which explicitly seems to permit interviewing potential witnesses before the Rule 26(f) conference. *See id.* Plaintiff also does not cite any case law or other authority for the proposition that Defendants violated Rule 26. *See id.* On this record, and considering the comment to Rule 26, the Court finds that Plaintiff has not established that Defendants violated Rule 26 by interviewing Mr. Lyons.

### C. Whether Plaintiff's Supplemental Brief Should be Stricken

Defendants move to strike certain portions of Plaintiff's supplemental brief and certain exhibits attached thereto. ECF No. 72. Defendants argue that the Court asked for supplemental briefing on one narrow issue, and Plaintiff's supplemental brief included arguments and declarations that were outside the scope of the what the Court requested. *See id*. Defendants argue that portions of Plaintiff's supplemental brief and new declarations were an attempt to "sandbag" Defendants, and the Court should not consider these new arguments or evidence. *See id.* at 4. Alternatively, Defendants argue that if the Court is inclined to consider Plaintiff's new arguments and evidence, the Court should give Defendants additional time to properly respond. *See id*. at 4-5.

Given that the Court is denying Plaintiff's motions for sanctions, the Court will deny Defendants' motion to strike as moot.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's emergency motions (ECF Nos. 48, 49) are DENIED.

1  IT IS FURTHER ORDERED that Defendants' motion to strike (ECF No. 72) is DENIED
2  as moot.

4  DATED: September 30, 2020

    Brenda Weksler
    UNITED STATES MAGISTRATE JUDGE