UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARINA DISTRICT DEVELOPMENT COMPANY, LLC,<br><br>    Plaintiff,<br> vs.<br><br>AC OCEAN WALK, LLC; WILLIAM CALLAHAN; and KELLY ASHMAN BURKE,<br><br>    Defendants. | Case No.: 2:20-cv-1592-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Emergency Motion to Extend the Temporary Restraining Order ("TRO"), for Expedited Discovery, to Continue the Preliminary Injunction Hearing, and for a Protective Order, (ECF Nos. 32–35), filed by Defendants AC Ocean Walk, LLC ("Ocean"), William Callahan ("Callahan"), and Kelly Ashman Burke ("Burke"), (collectively, "Defendants"). Plaintiff Marina District Development Company, LLC ("Plaintiff") filed a Response, (ECF No. 47), and Defendants filed a Reply, (ECF No. 53).

Also pending before the Court is Plaintiff's Emergency Motion to Compel Depositions of Callahan and Burke and for Sanctions, (ECF Nos. 43–44). Defendants filed a Response, (ECF No. 52), and Plaintiff did not file a reply.

Defendants' Motion requests reciprocal discovery after the Court granted Plaintiff's request to conduct the depositions of Callahan and Burke in the Order granting Plaintiff's Motion for TRO. (Defs.' Mot. 3:8–3:22). Defendants request that the Court extend the TRO and continue the Preliminary Injunction Hearing to allow for the additional discovery. The Court **DENIES** the request. The Court granted Plaintiff's request for expedited discovery after finding good cause to allow the depositions of the former employees of Plaintiff who are

allegedly misappropriating Plaintiff's trade secrets. It is not the intent of the Court to allow the Preliminary Injunction Hearing to become a mini trial that will have the parties present a litany of evidence in an attempt to have the Court decide the ultimate issues in the case. Accordingly, granting Defendants discovery is unwarranted. Additionally, because Defendants initially sought a protective order to prevent the depositions of Burke and Callahan from proceeding on September 16, the Court **DENIES as moot** the request for protective order.

Plaintiff's Motion requests that the Court compel the depositions of Burke and Callahan in Philadelphia and grant an award of sanctions. (Pl.'s Mot. 1:23–28). Consistent with its prior Order, the Court **GRANTS** Plaintiff's request to depose Burke and Callahan before the Preliminary Injunction Hearing. The Court finds that Defendants have not shown why allowing the depositions to proceed at Plaintiff's counsel's office in Philadelphia is unreasonable. The Court **DENIES** an award of sanctions, finding that Defendants sought additional discovery and a mutual extension of the TRO with Plaintiff in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Extend the TRO, for Expedited Discovery, to Continue the Preliminary Injunction Hearing, and for a Protective Order, (ECF Nos. 32–35), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and for Sanctions, (ECF Nos. 43–44), is **GRANTED in part** and **DENIED in part**.

Dated this  1  day of October, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT